IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 122-023 |
| | * | |
| CYNTHIA DESSAURE-OUTLAW | * | |

O R D E R

Presently before the Court is Defendant Cynthia Dessaure-Outlaw's motion for compassionate release based upon medical circumstances. The Government opposes the motion and has filed Defendant's inmate medical records, which the Court has reviewed. Upon consideration of the motion, and in the Court's sound discretion, the Court concludes that Defendant has not established that she is entitled to compassionate release as is her burden. See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021).

The Court may grant compassionate release if (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with the United States Sentencing Commission's Policy Statement, U.S.S.G. § 1B1.13 (as amended on November 1, 2023); and (3) the sentencing factors of 18 U.S.C. § 3553(a) support the sentence reduction. United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.;

United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

Under the Policy Statement, medical circumstances may constitute an extraordinary and compelling reason as follows:

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is –

   (i) suffering from a serious physical or medical condition,

   (ii) suffering from a serious functional or cognitive impairment, or

   (iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances –

   (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public

2

>   > health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors in custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risks cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1). In this case, Defendant has not argued let alone shown that she has a terminal illness or that she is at imminent risk of infection of an infectious disease at her prison facility or that contraction of an infectious disease will cause severe medical complications or death. In fact, she states that she had COVID-19 in December 2022 but was asymptomatic. (Doc. 17, at 5.) Thus, subcategories (A) and (D) are inapplicable.

Defendant instead points to a surgery for lower bowel obstruction that she had in December 2022 and complains that she still has complications from the surgery that have been untreated. She also generally complains about the dietary options for her diabetes. Defendant, however, does not show that her ability to provide self-care in prison has been substantially diminished. She also has not established that the prison is not providing adequate care and so is now at risk of serious deterioration in health or death. To the contrary, Defendant's most recent medical record, from a clinical visit upon her complaint for right knee

3

pain, shows that she is not in any distress or pain. Certainly there is no mention of dire complications from a surgery nine months prior. Also, while Defendant has diabetes and hypertension, her conditions are not unlike many federal inmates, and the record shows that the prison is adequately monitoring and treating these conditions. In the end, Defendant has failed to show that her medical condition is so extraordinary and compelling to warrant consideration of early release.

Further, the relevant sentencing factors of § 3553(a) do not weigh in her favor. Defendant was indicted as part of a "pill press" conspiracy in which she purchased large-scale encapsulating machines and chemical binding agents from foreign countries which were used to manufacture methamphetamine tablets for distribution. Defendant benefitted not only from a favorable plea agreement to unlawful transport of drug paraphernalia, the Court departed downward from the applicable guideline range in sentencing her to 30 months' imprisonment. Early release of this Defendant would fail to reflect the seriousness of her offense, promote respect for the law, provide just punishment, and afford adequate deterrence. Consequently, the Court would not exercise its discretion to release Defendant under the compassionate release provision even if an extraordinary and compelling reason to do so existed.

Upon the foregoing, Defendant Cynthia Dessaure-Outlaw's motion for compassionate release (doc. 17) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of January, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA